IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDGARDO JOSE IRIZARRY and BRUNILDA VERBERENA,  Plaintiff,  v.  DIVERSIFIED CONSULTANTS, INC.,  Defendant. | CIVIL ACTION  COMPLAINT 1:17-cv-02472  JURY TRIAL DEMANDED |

# COMPLAINT

NOW come EDGARDO JOSE IRIZARRY ("Edgardo") and BRUNILDA VERBERENA ("Brunilda") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 *et seq.*, and violations of the Bankruptcy Discharge Injunction ("Discharge Injunction") pursuant to 11 U.S.C. §524 *et seq.* for Defendant's unlawful conduct.

1

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§ 1331, 1334, and 1337, as this action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's unlawful conduct relates to a debt incurred by Plaintiffs in this District.

## PARTIES

5. Plaintiffs are consumers and natural persons over 18-years-of-age residing at 506 Catalpa Drive, Round Lake, Illinois, which falls within the Northern District of Illinois.

6. Edgardo is a "person" as defined by 47 U.S.C. §153(39).

7. Brunilda is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant "is a full service collection agency…focused on telecom recovery."[1] With its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida, Defendant regularly collects upon consumers across the country, including in Illinois. Defendant has been a member of ACA International, an association of credit and collection professionals, since 1994.[2]

9. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] http://www.dcicollect.com/about/dci-about.html
[2] http://www.acainternational.org/search#memberdirectory

2

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## BANKRUPTCY CASE

11. On October 13, 2010, Plaintiffs filed a joint Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 10-45893 ("bankruptcy").

12. Schedule F of the bankruptcy petition listed a pre-petition debt owed to DirecTV, in the amount of $300.00 ("subject debt").

13. Also on October 13, 2010, Plaintiffs filed their Chapter 13 plan ("Original Plan").

14. On October 16, 2010, by virtue of listing DirecTV as a creditor, the Bankruptcy Noticing Center ("BNC") served DirecTV with notice of Plaintiffs' bankruptcy filing and Plaintiffs' Original Plan.

15. On February 14, 2011, AT&T Services, Inc., the parent company under which DirecTV operates as a subsidiary, filed a Proof of Claim on the subject debt in the amount of $341.52.

16. Plaintiffs fully performed their duties and made all payments as set forth in their Confirmed Chapter 13 Plan, and the subject debt owed to DirecTV through AT&T Services, Inc. was paid pursuant to the bankruptcy plan.

17. On October 12, 2016, the Bankruptcy Court entered an Order of Discharge in Plaintiffs' bankruptcy case of all dischargeable debts, including the subject debt.

18. The Order of Discharge explicitly states:

> "No one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees...."

19. On October 14, 2016, the BNC served DirecTV and AT&T Services, Inc. with the Order of Discharge.

20. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject loan by DirecTV, AT&T Services, Inc., or any other its successors and/or assigns.

21. On October 17, 2016, Plaintiffs' bankruptcy case closed and the Trustee was discharged.

22. Plaintiffs' personal liability on the subject loan was extinguished via their bankruptcy discharge, terminating the business relationship with DirecTV, AT&T Services, Inc., and any of its successors and assigns, including Defendant.

23. Upon information and belief, Defendant received notice of Plaintiffs' bankruptcy discharge from its predecessor DirecTV and AT&T Services, Inc. during the onboarding process, where DirecTV and AT&T Services, Inc. transferred all documentation regarding the subject loan to Defendant, including information regarding Plaintiffs' bankruptcy discharge.

### DEFENDANT'S POST-DISCHARGE CONDUCT

24. Shortly after Plaintiffs' bankruptcy discharge was entered, Edgardo began receiving calls from Defendant to his cellular phone, (773) XXX-6371.

25. At all times relevant to the instant action, Edgardo was the sole subscriber, owner, and operator of the cellular phone ending in 6371. Edgardo is and always has been financially responsible for the cellular phone and its services

26. The phone number Defendant most often used to contact Edgardo's cellular phone is (312) 637-8790, but upon belief, it has used other phone numbers as well.

27. Upon information and belief, the phone number ending in 8790 is regularly utilized by Defendant during its debt collection activity.

28. Upon speaking with Defendant, Edgardo was informed that it was seeking to collect upon an outstanding DirecTV debt.

29. Edgardo notified Defendant about his bankruptcy discharge and demanded that it stop contacting him.

30. Despite Edgardo's demands, Defendant continued to call his cellular phone a number of times thereafter.

31. For instance, on November 29, 2016, Defendant called Edgardo's cellular phone at least twice for the purposes of collecting upon the discharged DirecTV debt.

32. When Edgardo answers calls from Defendant, he experiences a brief pause, lasting approximately three to five seconds in length, before a live representative begins to speak.

### DAMAGES CAUSED BY DEFENDANT'S POST-DISCHARGE COMMUNICATIONS

33. Defendant's collection efforts were highly confusing and upsetting to Plaintiffs as they were led to believe that their bankruptcy had no legal effect and that they were still obligated to pay on the subject debt; which was one of the driving forces in their decision to seek bankruptcy protection.

34. Plaintiffs were unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

35. Plaintiffs were unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt and suffered emotional distress and mental anguish as Defendant's collection activities led them to believe they were still liable on the subject loan.

36. Moreover, Defendant's harassing phone calls have severely disrupted Edgardo's daily life and general well-being.

37. Plaintiffs have incurred attorney's fees as a result of Defendants' deceptive collection actions.

38. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiffs actual harm, including but not limited to, invasion of privacy, intrusion upon and occupation of Edgardo's cellular telephone capacity, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, harassment, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

39. Concerned about the violations of their rights and invasion of his privacy, Plaintiffs sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses consulting with their attorneys.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(PLAINTIFFS AGAINST DEFENDANT)

40. Plaintiffs restate and reallege paragraphs 1 through 39 as though fully set forth herein.

41. Edgardo is a "consumer" as defined by FDCPA §1692a(3).

42. Brunilda is a "consumer" as defined by FDCPA §1692a(3).

43. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

6

44. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA, because it regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

45. Moreover, Defendant is a "debt collector" because it acquired the servicing rights to the subject loan after it was in default. 15 U.S.C. §1692a(6).

46. Defendant's communications to Plaintiffs were made in connection with a collection of the subject debt.

47. Defendant violated 15 U.S.C. §§1692 c(a)(1), d, d(5), e, e(2), e(10), f, and f(1) through its debt collection efforts on a debt discharged in bankruptcy.

 a. **Violations of FDCPA §1692c(a)(1) and §1692d**

48. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

49. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiffs after being notified to stop. This repeated behavior of systematically calling Edgardo's phone over and over after he demanded that it cease contacting him was harassing and abusive. Defendant engaged in this behavior with the specific goal of oppressing and abusing Plaintiffs.

50. Defendant was notified by Edgardo that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiffs.

 a. **Violations of FDCPA §1692e**

7

51. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

52. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

53. Defendant violated §1692e by making false representations in its attempts to collect the subject debt as the subject debt was not owed at the time Defendant called Plaintiffs and attempted to collect upon the DirecTV debt. Defendant had knowledge of Plaintiffs bankruptcy as well as the fact that the subject debt was already paid off through the bankruptcy, but yet, it continued its collection attempts in defiance of this information.

54. Defendant violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not collectable at the time Defendant demanded payment by virtue of Plaintiffs' bankruptcy discharge.

55. Defendant violated §1692e(10) when it falsely represented that the subject debt was collectable at the times of the demands as the subject debt was not owed by virtue of Plaintiffs' bankruptcy discharge.

    **b. Violations of FDCPA §1692f**

56. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f(1) notes that

"the collection of any amount…unless such amount is expressly authorized by the agreement creating the debt or permitted by law," is a violation.

57. Defendant violated §1692f and f(1) by employing unfair and unconscionable means to collect the subject debt by notifying them that the subject debt was still due and owing. Attempting to collect upon the subject debt, which was not collectable at the time Defendant demanded payment by virtue of Plaintiffs' bankruptcy discharge, is unfair and unconscionable behavior.

58. As pled in paragraphs 33 through 39, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, EDGARDO JOSE IRIZARRY and BRUNILDA VERBERENA, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(EDGARDO AGAINST DEFENDANT)

59. Edgardo repeats and realleges paragraphs 1 through 58 as though fully set forth herein.

60. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the

9

capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

61. Defendant used an ATDS in connection with its communications directed towards Edgardo's cellular phone. The brief pause lasting approximately four to five seconds in length that Edgardo experienced prior to being connected with a live representative is instructive that an ATDS was being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

62. Defendant violated the TCPA by placing phone calls to Edgardo's cellular phone using an ATDS without his consent. Any consent Edgardo *may* have given to be contacted by Defendant using an ATDS was explicitly revoked upon his numerous demands to cease contact, as well as by the discharge of Plaintiffs' bankruptcy.

63. The calls placed by Defendant to Edgardo were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

64. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Edgardo for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Edgardo is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, EDGARDO JOSE IRIZARRY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Edgardo damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Edgardo costs and reasonable attorney fees;

    d.  Enjoining Defendant from further contacting Edgardo; and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III- VIOLATIONS OF THE DISCHARGE INJUNCTION**
(PLAINTIFFS AGAINST DEFENDANT)

65.  Plaintiffs restate and reallege paragraphs 1 through 64 as though fully set forth herein.

    **a.  Section 11 U.S.C. §524(a)(2)**

66. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

67. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

68. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr. N.D. Ill.1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

    **b.  Defendant's conduct was perpetual, willful, and wanton when it placed collection calls to Edgardo's cellular phone attempting to collect the discharged subject debt.**

69. Defendant violated the discharge injunction by willfully attempting to collect the subject debt with actual knowledge of Plaintiffs' bankruptcy and the discharged status of the subject debt.

70. AT&T Services, Inc. filed a proof of claim on the subject debt, and upon information and belief, Defendant's onboarding department reviewed DirecTV and AT&T Services, Inc.'s records at the time of transfer of servicing rights and discovered this proof of claim along with the subject loan being discharged. Defendant knew that the subject debt was already paid off through

11

Plaintiffs' bankruptcy, and despite having actual knowledge of the discharged status of this debt, Defendant initiated efforts to collect upon Plaintiffs.

71. Moreover, Edgardo notified Defendant of the bankruptcy discharge during the calls he answered from Defendant.

72. Defendant should have implemented procedures and trained its employees in order to discourage and also prevent willful and wanton violations of the Bankruptcy Code.

73. Defendant's conduct demonstrates that it has no such system in place to protect the rights of consumers protected by the Bankruptcy Code.

74. Based on the broad language of the Bankruptcy Code, Defendant willfully sought to collect the subject debt from Plaintiffs in violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiffs, EDGARDO JOSE IRIZARRY and BRUNILDA VERBERENA, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Hold Defendant in civil contempt of the Order or Discharge pursuant to 11 U.S.C. §§524 and 105;

b. Order Defendant to pay Plaintiffs for their actual damages in an amount to be determined by the court as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

c. Order Defendant to pay punitive damages in an amount to be determined by the court for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

d. Order Defendant to pay Plaintiffs their reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C.; §§524 and 105; and

e. Provide such other and further relief as the Court may deem just and proper.

### COUNT IV – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (PLAINTIFFS AGAINST DEFENDANT)

75. Plaintiffs restate and reallage paragraphs 1 through 74 as through fully set forth herein.

76. Edgardo is a "person" as defined by 815 ILCS §505/1(c).

77. Edgardo is a "consumer" as defined by 815 ILCS §505/1(e).

78. Brunilda is a "person" as defined by 815 ILCS §505/1(c).

79. Brunilda is a "consumer" as defined by 815 ILCS §505/1(e).

80. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

81. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

82. Defendant violated the ICFA by unfairly and deceptively attempting to induce Plaintiffs to make payments notwithstanding their bankruptcy discharge.

83. Upon information and belief, Defendant has engaged in a systematic campaign of unlawful collection activity – involving inducing consumers to make payments notwithstanding bankruptcy discharges.

84. Not only was DirecTV listed in Schedule F of Plaintiff's Chapter 13 Bankruptcy, but

13

AT&T Services, Inc. also filed a proof of claim on the subject debt. This shows that there was knowledge of the bankruptcy, and this information was later relayed to Defendant when it acquired rights to the subject debt.

85. Defendant's demand for payment on the subject debt, which was not collectable by virtue of the bankruptcy discharge, represents the use of false pretenses and misleading communications to attempt to collect a debt that was not legally collectable at the time the demands for payment were made. Not only was this debt not legally collectable at the time Defendant made its collection attempts, but it was also already paid off by virtue of Plaintiffs' bankruptcy plan. Defendant tried to force Plaintiffs into making a payment on a debt that was not owed, which is extremely unfair and deceptive conduct.

86. The ICFA states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

87. An award of punitive damages is appropriate as Defendant's deceptive and unfair acts are the proximate causation of Plaintiff's emotional distress (i.e. confusion, frustration and humiliation) and mental distress.

88. Upon information and belief, attempting to collect upon debts which are legally not collectable by virtue of bankruptcy discharge is an unfair and deceptive business practice willfully employed by Defendant to maximize its profits at the expense of Illinois consumers.

89. Such unfair and deceptive conduct is harmful to Illinois consumers as it can result in Illinois consumers paying debts that are not owed.

90. As pled in paragraphs 33 through 39, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

91. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, as Plaintiffs were led to believe that their bankruptcy had no legal effect and that they were still obligated to pay on the subject debt

WHEREFORE, Plaintiffs, EDGARDO JOSE IRIZARRY and BRUNILDA VERBERENA respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Award Plaintiffs their actual damages in an amount to be determined at trial;
b. Award Plaintiffs their punitive damages in an amount to be determined at trial;
c. Award Plaintiffs their reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
d. Award any other relief this Honorable Court deems equitable and just.

**Plaintiffs demand trial by jury.**

Dated: March 31, 2017

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com